LTL ATTORNEYS LLP
Prashanth Chennakesavan (Bar No. 284022)
Prashanth.chennakesavan@ltlattorneys.com
Dat T. Nguyen (Bar No. 280755)
dat.nguyen@ltlattorneys.com
300 S. Grand Avenue, 14th Floor
Los Angeles, CA 90071
Tel: (213) 612-8900
Fax: (213) 612-3773

Attorneys for Movant KAIFI LLC

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA
(SAN JOSE DIVISION)

| | |
|---|---|
| KAIFI LLC,<br><br>　　　　　Movant,<br><br>　　v.<br><br>APPLE INC.,<br><br>　　　　　Respondent. | Case No.　21-mc-80171<br><br>Assigned to<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL COMPLIANCE WITH SUBPOENA**<br><br>Date:　　　　To be set<br>Time:　　　　To be set<br>Courtroom:　　To be set<br><br>**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED** |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This is a miscellaneous action related to a subpoena that KAIFI LLC ("KAIFI") served on third party Apple, Inc. ("Apple") in the case, *KAIFI LLC v. T-Mobile US, Inc. et al*, Case No. 2:20-cv-00281-JRG (E.D. Tex.) (the "Underlying Action"). In the Underlying Action, KAIFI alleges that Defendant T-Mobile infringes claims of U.S. Patent No. 6,922,728 (the "'728 Patent"). The '728 Patent is generally directed to technology that enables seamless handoff of active calls between different networks, such as between cellular and Wi-Fi.

Apple is a handset (e.g., iPhones and iPads) supplier to Defendant T-Mobile. The patented technology generally relates to handoff[1] between cellular and Wi-Fi networks. T-Mobile has represented that the technical requirements for handset handoff are embodied in the handset algorithms and only Apple can provide the handoff algorithms for its handsets. *See* Declaration of Dat Nguyen ("Nguyen Decl."), ¶ 8. Apple has produced only two documents, and has failed to produce its actual handoff algorithms, technical documents, or source code detailing the protocols and mechanisms for the handover between Wi-Fi and cellular networks. *Id.*, ¶ 9.

Despite a months-long effort to meet and confer, Apple has stonewalled. Most recently, Apple has claimed that its investigation is *still* ongoing. Therefore, KAIFI hereby moves to compel Apple to produce the handoff algorithms used in Apple handsets supplied to T-Mobile and fully respond to the subpoena.

## II. BACKGROUND

In the Underlying Action, KAIFI sought discovery from T-Mobile regarding evidence of infringement by T-Mobile's system for seamless handoff between cellular and Wi-Fi networks, such as in T-Mobile's Wi-Fi Calling feature.

---

[1] Handoff is also referred to as handover or hand-in, and encompasses handoffs in both directions, from Wi-Fi to cellular and from cellular to Wi-Fi.

1  Specifically, KAIFI sought discovery on the components of T-Mobile's Wi-Fi
2  Calling, including Wi-Fi Calling capable handsets. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
3  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
4  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
5  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓[2]

6  KAIFI further sought discovery into the handset operations, as relates to the
7  handoff requirements set by T-Mobile. Ex. B. Those requirements are embodied in
8  the handset algorithms source code, and ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
9  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
10 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
11 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
12 This is to be expected, as source code is not generally made available from a vendor
13 like ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

14 As a result, having no other source from which to secure the discovery of this
15 relevant infringement evidence, on February 1, 2021, KAIFI duly served a subpoena
16 on Apple having five document production requests. Ex. B. The requests were
17 narrowly tailored to only those documents and information relevant to the
18 infringement allegations in this action. On February 24, 2021, Apple served
19 objections to the requests and failed to make any production. *See* Ex. D. Pursuant
20 to Local Rule 37-2, each request and the objections thereto are set out in full below.[3]

22  **REQUEST NO. 1:** All Documents and Things relating to any product or technology requirements that T-Mobile requires or requests that Apple provide on its devices relating to WiFi calling, WiFi handoff, or offloading, etc. between cellular and WiFi networks.

25  **OBJECTIONS AND RESPONSES TO REQUEST NO. 1:**

---

[2] All exhibits cited herein are attached to the Nguyen Declaration.

[3] Apple also asserted a number of General Objections, which it incorporated into every response. The General Objections are included in Appendix A, attached hereto.

Apple incorporates each of its General Objections and Responses into its response to Request No. 1 as if fully set forth herein. Apple further objects to this Request at least for the following reasons:

<u>Party Discovery:</u> Apple objects to this Request to the extent it seeks documents and information in the possession of, equally available to, and/or more efficiently obtained from the Defendants.

<u>Overly Broad and Unduly Burdensome:</u> Apple objects to this Request as overbroad and unduly burdensome, and failing to take reasonable steps to avoid imposing undue burden and expense on third-party Apple. The Request is not narrowly or reasonably tailored, particularly in its use of 141 Documents and Things" and its use of the phrases "product or technology requirements," "requires or requests," and "relating to WiFi calling, WiFi handoff, or offloading, etc." Apple further objects to this Request as overly broad and unduly burdensome because it is unbounded in time. Apple further objects to the extent that this Request seeks documents and things not in the possession, custody, or control of Apple, and/or that are equally accessible to one or more parties to the litigation or other third parties.

<u>Vague and Ambiguous:</u> Apple objects to this Request as vague and ambiguous. In particular, the phrase "relating to WiFi calling, WiFi handoff, or offloading, etc." is unclear and would require the subjective judgment of Apple or its attorneys.

<u>Privileged and Work Product Materials:</u> Apple objects to this Request to the extent that it seeks the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege, or any other applicable privilege, immunity, or protection from discovery, including any third-party duty or obligation of nondisclosure, privacy, or confidentiality. Apple will not produce privileged or protected documents or information, and any inadvertent disclosure or production thereof shall not be deemed a waiver of any privilege with respect to such information or documents or of any work product immunity which may attach thereto.

<u>Not Relevant Third-Party Discovery:</u> Third-party Apple objects to this Request to the extent it seeks documents, things, or information that is not relevant and exceeds the reasonable scope of third-party discovery under the Federal Rules. The burden and expense of the proposed discovery to third-party Apple outweighs its likely benefit. For example, third- party Apple objects to this Request to the extent that it seeks Apple's trade secrets, commercially sensitive information, and/or closely guarded research and development information. Apple will not

produce information referring or relating to unannounced or unreleased products. Apple further objects to this Request to the extent that it seeks documents, things, or information protected from disclosure, including pursuant to Federal Rule of Civil Procedure 26(c)(1)(G) and/or Federal Rule of Evidence 501. Plaintiff has not established that such sensitive and proprietary information and things are relevant to any party's claim or defense, or that it is proportional to the needs of the above- captioned case, considering the importance of the issues at stake, the amount in controversy, the parties' and Apple's relative access to relevant information, the parties' and third-party Apple's resources, and the importance of the discovery in resolving the issues. Furthermore, to the extent Apple produces any materials in response to the Subpoena, such production will be subject to the Protective Order entered in this case, with Apple reserving the right to insist upon supplemental protections. Subject to and without waiving the foregoing objections, Apple will meet and confer with Plaintiff regarding the scope of this Request.

**REQUEST NO. 2:** All Documents and Things relating to any standards or certifications that T-Mobile requires Apple to support on its mobile devices relating to WiFi calling, WiFi handoff, or offloading, etc. between cellular and WiFi networks.

**OBJECTIONS AND RESPONSES TO REQUEST. 2:**
Apple incorporates each of its General Objections and Responses into its response to Request No. 2 as if fully set forth herein. Apple further objects to this Request at least for the following reasons:

<u>Party Discovery</u>: Apple objects to this Request to the extent it seeks documents and formation in the possession of, equally available to, and/or more efficiently obtained from the defendants.

<u>Overly Broad and Unduly Burdensome:</u> Apple objects to this Request as overbroad and unduly burdensome, and failing to take reasonable steps to avoid imposing undue burden and expense on third-party Apple. The Request is not narrowly or reasonably tailored, particularly in its use of 141 Documents and Things" and its use of the phrases "standards or certifications," and "relating to WiFi calling, WiFi handoff, or offloading, etc." Apple further objects to this Request as overly broad and unduly burdensome because it is unbounded in time. Apple further objects to the extent that this Request seeks documents and things not in the possession, custody, or control of Apple, that are publicly available, and/or that are equally accessible to one or more parties to the litigation or other third parties.

<u>Vague and Ambiguous:</u> Apple objects to this Request as vague and ambiguous. In particular, the terms "standards," "certifications," and "support," and the phrase "relating to WiFi calling, WiFi handoff, or offloading, etc." are unclear and would require the subjective judgment of Apple or its attorneys.

<u>Privileged and Work Product Materials:</u> Apple objects to this Request to the extent that it seeks the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege, or any other applicable privilege, immunity, or protection from discovery, including any third-party duty or obligation of nondisclosure, privacy, or confidentiality. Apple will not produce privileged or protected documents or information, and any inadvertent disclosure or production thereof shall not be deemed a waiver of any privilege with respect to such information or documents or of any work product immunity which may attach thereto.

<u>Not Relevant Third-Party Discovery:</u> Third-party Apple objects to this Request to the extent it seeks documents, things, or information that is not relevant and exceeds the reasonable scope of third-party discovery under the Federal Rules. The burden and expense of the propose discovery to third-party Apple outweighs its likely benefit. For example, third- party Apple objects to this Request to the extent that it seeks Apple's trade secrets, commercially sensitive information, and/or closely guarded research and development information. Apple will not produce information referring or relating to unannounced or unreleased products. Apple further objects to this Request to the extent that it seeks documents, things, or information protected from disclosure, including pursuant to Federal Rule of Civil Procedure 26(c)(1)(G) and/or Federal Rule of Evidence 501. Plaintiff has not established that such sensitive and proprietary information and things are relevant to any party's claim or defense, or that it is proportional to the needs of the above- captioned case, considering the importance of the issues at stake, the amount in controversy, the parties' and Apple's relative access to relevant information, the parties' and third-party Apple's resources, and the importance of the discovery in resolving the issues. Furthermore, to the extent Apple produces any materials in response to the Subpoena, such production will be subject to the Protective Order entered in this case, with Apple reserving the right to insist upon supplemental protections. Subject to and without waiving the foregoing objections, Apple will meet and confer with Plaintiff regarding the scope of this Request.

Because Apple had not produced any documents, KAIFI promptly requested a meet and confer and the parties conferred telephonically on April 9, 2021, which was the date of Apple's first availability. Nguyen Decl., ¶ 9. During this call, and as summarized in a memorandum pursuant to the call ~~[redacted]~~. Apple still did not agree to comply with the requests, even after a meet and confer.

KAIFI continued its efforts to resolve Apple's objections in a series of emails and conferences, with the goal of avoiding motion practice. On June 7, 2021, Apple produced two high-level documents, which still failed provide sufficient information on the details of the handoff algorithm. Despite KAIFI's efforts to resolve Apple's objections, including most recently on June 24, 2021, Apple has to this date failed to comply with the requests and refuses to produce the responsive documents and information. Due to this impasse, and the looming expert report deadline of July 19, 2021 in the Underlying Action, KAIFI has no choice but to move to compel.

## III.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 45(a)(1)(A)(iii), any party may serve a subpoena commanding a nonparty to "produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control[.]"  The scope of discovery for a third-party subpoena is the same as that for discovery under Rules 26 and 34. *See* Fed. R. Civ. P. advisory committee's note to 1970 amendment. That scope, as explained in Rule 26 is as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the

action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

## IV. APPLE SHOULD BE COMPELLED TO PRODUCE RESPONSIVE DOCUMENTS TO REQUEST NO. 1

KAIFI's first request seeks "All Documents and Things relating to any product or technology requirements that T-Mobile requires or requests that Apple provide on its devices relating to WiFi calling, WiFi handoff, or offloading, etc. between cellular and WiFi networks" (emphasis added).

As an initial matter, KAIFI has substantially narrowed the scope of information requested in this motion to compel.  It seeks information on only one of three aspects of the overall request, WiFi handoff, and within WiFi handoff, KAIFI has further narrowed the scope of the dispute to *the source code relating to WiFi handoff, including the handoff algorithms and Attribute-Value Pairs (AVPs)* ("Handoff Source Code").  The Court should compel production because the Handoff Source Code is relevant, in Apple's possession, can be produced confidentially under the existing Protective Order in the Underlying Action, is narrowly-defined, and is not unduly burdensome for Apple to produce.

*First*, the Handoff Source Code is relevant to the asserted claim elements, including but not limited to those reciting "selecting" and "switching" between the indoor (i.e. WiFi) and outdoor (i.e. cellular) networks.  For example, Claim 1 recites "selecting one of the indoor and the outdoor networks in accordance with the determined location of the data communication terminal," and Claim 12 recites "switching the connection of the data communication terminal from the indoor gateway to the outdoor wireless internet network."  The handoff algorithms defined

in the source code control the handsets Apple supplies to T-Mobile and its customers. T-Mobile also confirmed that this information is relevant, citing "the operation of handsets in connection with the accused instrumentalities" among the relevant categories of information in its initial disclosures. Nguyen Decl., Ex. A at 7. Apple does not seriously dispute relevance, and only objects in boilerplate fashion "to the extent" the Request seeks information that is not relevant, which Apple has never established.

*Second*, Apple alone possesses the relevant source code regarding handover operations performed on iPhones and other Apple devices. Unlike Android, Apple's does not use an open-source software model, and does not make its source code available to the public, or even to T-Mobile or other carriers. While Apple objected to the request "to the extent it seeks documents and information in the possession of, equally available to, and/or more efficiently obtained from the Defendants," but this objection does not apply, especially to the Handoff Source Code.

*Third*, Apple's objection that the Handoff Source Code is highly sensitive should be overruled because Underlying Action provides a Protective Order. Courts have compelled production from third parties when the source code is relevant and a protective order is in place. *See, e.g., eDirect Publishing, Inc. v. LiveCareer, Ltd.*, No. C 14-80125, 2014 WL 2527401, at *3 (N.D. Cal. June 4, 2014) (ordering third party to produce source code relevant to the patent-in-suit); *Optimize Tech. Solutions, LLC, v. Staples, Inc.*, No. 14-mc-80095, 2014 WL 1477651, at *2 (N.D. Cal. April 14, 2014) (ordering third-party to produce source code as it was directly relevant to issues of infringement and in the third party's exclusive possession); *Negotiated Data Solutions LLC v. Dell, Inc.* No. C09-80012, 2009 WL 733876, at *4 (N.D. Cal. March 17, 2009) (compelling the production of source code; stipulated protective order in place). Indeed, Apple has already shown that the Protective Order provide sufficient protection, as it produced two documents designated as Attorney-Eyes Only. Nguyen Decl., ¶ 9. Thus, there is no credible reason why Apple cannot

similarly comply with this request subject to the Protective Order. Moreover, in today's era, loading source code onto a secured computer to allow for controlled inspection does not pose an undue burden. Apple has undoubtedly gone through this process numerous times, during the hundreds of patent litigations in which it has been directly involved and sought the same discovery from others.

*Finally*, Apple contends that producing such source code for inspection would be unduly burdensome. But KAIFI is not seeking to inspect the entirety of Apple's source code, but rather only the code containing the handoff algorithms to implement the accused T-Mobile functionality of seamless handoff in Wi-Fi Calling. KAIFI has made every effort to reduce the relative burden on Apple, but Apple still maintains its objections and claims that it is still undertaking "investigation" despite that over five months have elapsed since it was served with the subpoena. Ex. F at 1.

In short, Apple has had ample time to comply with this request, and has been fully informed of the relevance of the requested discovery and the narrow focus on what is being sought. There is no other source for this discovery, which is relevant for purposes of demonstrating the important issue of infringement by T-Mobile. KAIFI's is unable to obtain this discovery from other sources, and Apple has ample resources to provide it. These factors outweigh the relatively low burden on Apple to produce it. *See* Fed. R. Civ. P. 26() ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.")

Therefore, KAIFI respectfully requests an order compelling Apple to produce the information requested in Request No. 1, including *the source code relating to WiFi handoff, including the handoff algorithms and Attribute-Value Pairs (AVPs)*.

Due to the delays caused by Apple, KAIFI respectfully requests that this production be made within 7 days of the Court's order.

## V. APPLE SHOULD BE COMPELLED TO PRODUCE RESPONSIVE DOCUMENTS TO REQUEST NO. 2

Request No. 2 is tied to any standards or certifications relating to seamless handoff that T-Mobile requires Apple to support on its mobile devices. The scope of this request is reasonable. The number of requests, in total, is reasonable. Apple's boilerplate objections that the requests are overly broad or unduly burdensome are not supported by any specific burden that will be suffered should Apple endeavor to provide complete responses. Apple's objections that the requests are vague or ambiguous cannot survive the parties' many meet and confer discussions, at any of which Apple's counsel could have sought clarification of any confusion.

For the reasons discussed above regarding Request No. 1, Apple's boilerplate objections are not sufficient to evade discovery. As for concerns over attorney client privilege or work product, such concerns may be resolved in typical fashion with a privilege log.

Additionally, with respect to Request No. 2, Apple contends, without citing any authority whatsoever, that it has no obligation to produce documents or communications if it believes that such discovery is also in the possession of a party to the underlying action. Ex. F at 2. But this is not the case. The discovery rules allow KAIFI to seek information from multiple sources, and subpoenas are an authorized form of discovery under Rule 45. This is for good reason, as such third-party discovery often yields documents that parties have not produced. Moreover, Apple has not articulated any undue burden or cost that searching for and producing responsive documents would impose, but simply asserts that it has no obligation to produce communications or documents that it believes may have been in T-Mobile's possession at some point in time.

For the reasons stated above, KAIFI respectfully requests an order compelling Apple to produce responsive documents and things to Requests No. 1 and 2. Due to the delays caused by Apple, KAIFI respectfully requests that this production be made within 7 days of the Court's order, but no later than July 20, 2021.

## VI. CONCLUSION

For the reasons stated above, KAIFI respectfully requests an order compelling Apple to respond to requests 1-5 and produce responsive documents, including source code.

| DATED:  July 13, 2021 | By: /s/ Prashanth Chennakesavan |
|---|---|
|  | LTL ATTORNEYS LLP<br>Prashanth Chennakesavan<br>Dat T. Nguyen<br>[fill in]<br><br>Attorneys for KAIFI LLC |

# "APPENDIX A"
## GENERAL OBJECTIONS AND RESPONSES

Each of Apple's responses, below, is subject to and incorporates the following General Objections and Responses, in addition to any specifically stated objections. The assertion of specific objections in response to any individual request specified in the Requests does not waive any of Apple's General Objections.

Apple's headquarters are located in the Northern District of California, and not in Eastern District of Texas where this litigation is currently pending nor the Central District of California where this Subpoena was served. Pursuant to Federal Rule of Civil Procedure 45, the U.S. District Court for the Northern District of California is the governing district for purposes of the Subpoena and any related motions. Nothing in these objections and responses should be interpreted as a waiver of the jurisdiction of the Northern District of California.

Apple is a third party and non-party to the above-captioned action. Apple objects to each Document Request ("Request") listed in Schedule A to the Subpoena and to all. Definitions and Instructions to the Subpoena to the extent they seek documents that are available from one or more parties to the litigation and/or from public sources. It is unduly burdensome to ask third-party Apple to collect, review, process, and produce documents that could be sought from and produced by the parties to the litigation and/or that are publicly available.

Federal Rule of Civil Procedure 26(b)(1) limits the scope of discovery to any "nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Apple objects to the Subpoena, including the Requests, to the extent that it seeks documents beyond the permissible and reasonable scope of discovery.

Apple objects to the Subpoena, including all Requests, to the extent that it seeks third-party Apple's trade secrets, Apple's closely guarded research and development information, and other commercially sensitive and technical Apple

materials protected from disclosure, including pursuant to Federal Rule of Civil Procedure 26(c)(1)(G) and/or Federal Rule of Evidence 501. Apple further objects to the Subpoena, including all Requests, to the extent that it seeks disclosure of proprietary and/or highly confidential and sensitive information of third-party Apple. Any materials produced in response to the Subpoena are subject to the Protective Order entered in this case, with Apple reserving the right to insist upon supplemental protections. Given the extremely sensitive nature of some of the documents and information sought by the Subpoena, Apple will not produce such documents and information unless the relevance, proportionality, and protective order issues have been adequately resolved.

Apple objects to the Subpoena, including all Requests, to the extent that it seeks the production of documents protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege, or any other applicable privilege, immunity, or protection from discovery, including any third-party duty or obligation of non-disclosure, privacy, or confidentiality. Such documents will not be produced, and any inadvertent disclosure or production thereof shall not be deemed a waiver of any privilege with respect to such information or documents or of any work product immunity which may attach thereto.

Apple objects to the Subpoena, including all Requests, to the extent that it is not narrowly or appropriately tailored to avoid imposing undue burden or expense on third-party Apple. Apple further objects to the Subpoena, including all Requests, to the extent that the burden or expense of the proposed discovery outweighs its likely benefit.

Apple objects to the Subpoena, including all Requests, to the extent that it seeks documents not in Apple's possession, custody, or control on the grounds that it would seek to require more of Apple than any obligation imposed by law, would subject Apple to unreasonable and undue annoyance, oppression, burden, and

1  expense, and would seek to impose upon third-party Apple an obligation to investigate or obtain information or materials from other third parties.

Apple objects to the Subpoena, including all Requests, to the extent it seeks documents and information in the possession of, more efficiently obtained from, and/or confidential to one or more other third parties. To the extent Apple produces documents containing any third-party confidential information, it will do so only after fulfilling its obligations to the affected third-party under any applicable confidentiality agreement(s).

Apple objects to the Subpoena, including all Requests, as imposing undue expense on a non-party to this dispute, and as unduly burdensome and irrelevant to the litigation, especially to the extent that it may purport to require search and production from electronic mail systems or archival storage systems.

Apple objects to the Subpoena, including all Requests, to the extent that it seeks to impose any instruction, requirement, or request on Apple exceeding that required by the Federal Rules of Civil Procedure, the Local Rules, or any order in the above-captioned action, and/or would subject third-party Apple to unreasonable and undue burden and expense.

Apple objects to the Subpoena to the extent it purports to seek documents from any entity or individual other than Apple Inc., headquartered in Cupertino, California. In particular, Apple objects to the Definition of "You" and "Your" to the Subpoena as unduly broad and overly burdensome. In particular, Apple objects to the Subpoena seeking documents from [Apple Inc.'s] "current and former parents, subsidiaries, affiliates, predecessors, successors, employees, managers, officers, directors, partners, agents, representatives, attorneys. anyone acting or purporting to act on its behalf or under its control, and any other Person from whom [Apple Inc.] has the right to obtain documents and

1  tangible items responsive to this Subpoena." Apple will limit its investigation,
2  collection, review, and production (if any) to Apple Inc.

3        Apple objects to the definition of "Plaintiff' and "KAIFI" as overly broad and
4  unduly burdensome. For purposes of responding, Apple will interpret this term as
5  referring to only Kaifi LLC.

6        Apple objects to the definition of "Defendants" and "T-Mobile" as overly
7  broad and unduly burdensome. For purposes of responding, Apple will interpret this
8  term as referring to only T-Mobile US, Inc. Apple objects to the definition of
9  "Related Patent" as overly broad and unduly burdensome. For example, such
10 definition is overly broad and unduly burdensome because it includes "any parent or
11 other ancestral U.S. or foreign patent or application related or claiming prior in any
12 way to the identified patent, including but not limited to any continuation,
13 continuation-in-part, divisional, file-wrapper continuation, reexamination
14 proceeding, reissue, abandoned application, foreign counterpart application, or
15 resulting issues patent thereof." For purposes of responding to the Subpoena, Apple
16 will interpret this term as referring only to the Patent-in-Suit.

17       Apple objects to the Subpoena to the extent that it seeks disclosure of
18 confidential commercial information and/or disclosure of an unretained expert's
19 opinion or information that does not describe specific occurrences in the dispute and
20 results from the expert's study that was not requested by a party pursuant to Federal
21 Rule of Civil Procedure 45(d)(3)(B).

22       Apple objects to the Subpoena on the grounds that the date and location noticed
23 for the document production are inconvenient and unduly burdensome to third-party
24 Apple. Apple will meet and confer with Kaifi regarding a mutually convenient time
25 and place for the provision of documents responsive to the Subpoena, if any.

26       Apple objects to the Instructions included in the Subpoena as overly broad,
27 unduly burdensome, and improper in that they seek to obtain discovery outside of the
28 scope of the Federal Rules of Civil Procedure. Apple objects to all Instructions to the

extent that they purport to place obligations on Apple beyond the permissible and reasonable scope of discovery.

Apple submits these responses and objections without conceding the relevance or materiality of the subject matter of any Request or of any document or thing, or that any responsive materials exist. Apple also submits the following responses and objections on the basis of information now known to Apple and without waiving any further objects to the materiality or relevance of any of the information requested. Apple further reserves all objections or other questions as to the competency, relevance, materiality, privilege, or admissibility as evidence in any subsequent proceeding in or at trial of this or any other action for any purpose whatsoever of Apple's responses herein and any document or thing, or information identified or provided in response to the Subpoena.

Apple's objections as set forth herein are made without prejudice to update, amend, or supplement these Objections and Responses to the Subpoena.