# Exhibit B

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
_____ District of _____

| | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| | ) | |
| *Defendant* | ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:

*(Name of person to whom this subpoena is directed)*

❐ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: | Date and Time: |
|---|---|
| | |

❐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR

_____  _____
*Signature of Clerk or Deputy Clerk*    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____ , who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Case 5:21-mc-80171-VKD   Document 3-8   Filed 07/13/21   Page 4 of 10

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# SCHEDULE A

## SUBJECTS OF DOCUMENTS TO PRODUCE PURSUANT TO SUBPOENA TO APPLE, INC.

Plaintiff KAIFI LLC ("KAIFI") requests that the subpoenaed party, Apple, Inc. ("Apple"), produce all documents and things responsive to the following document requests within the time specified in the Subpoena to which this Schedule A is attached, in accordance with the definitions and instructions herein.

## DEFINITIONS

The following terms and phrases are to be given the definitions set forth below. Notwithstanding any of the definitions below, each word, term, or phrase used in this Schedule A is intended, and shall be construed, to have the broadest permissible meaning under the Federal Rules of Civil Procedure.

1. "You" and "Your" shall mean and include the subpoenaed Person, its current and former parents, subsidiaries, affiliates, predecessors, successors, employees, managers, officers, directors, partners, agents, representatives, attorneys, anyone acting or purporting to act on its behalf or under its control, and any other Person from whom the subpoenaed Person has the right to obtain documents and tangible things responsive to this Subpoena.

2. "Plaintiff" and "KAIFI" shall mean KAIFI LLC, any present or former officer, director, employee, agent, attorney, or other representative acting on their behalf, and shall include any predecessor, successor, parent, controlled, subsidiary or affiliated companies, and any person or company assisting by agreement or otherwise in this lawsuit, and their agents, officers, employees, representatives, and attorneys.

3. "Defendants" and "T-Mobile" shall mean T-Mobile US, Inc. ("T-Mobile US"); Layer3 TV, Inc. ("Layer 3 TV");  L3TV Dallas Cable System, LLC ("L3TV Dallas");

1

MetroPCS Texas, LLC ("MetroPCS Texas"); T-Mobile License LLC ("T-Mobile License"); T-Mobile USA, Inc. ("T-Mobile USA"); T-Mobile West LLC ("T-Mobile West"); T-Mobile West Tower LLC ("T-Mobile Tower"); IBSV LLC ("IBSV"); Theory Mobile, Inc. ("Theory"); T-Mobile PCS Holdings LLC ("T-Mobile PCS"); T-Mobile Resources Corporation ("T-Mobile Resources"); and T-Mobile Subsidiary IV Corporation ("Subsidiary IV"), their employees, officers, attorneys, agents or representatives, and all persons acting or purporting to act on their behalf.

    4.    The "'728 Patent" and "Patent-in-Suit" shall mean U.S. Patent No. 6,922,728.

    5.    "Related Patent" shall mean any parent or other ancestral U.S. or foreign patent or application related or claiming prior in any way to the identified patent, including but not limited to any continuation, continuation-in-part, divisional, file-wrapper continuation, reexamination proceeding, reissue, abandoned application, foreign counterpart application, or resulting issued patent thereof.

    6.    The term "Lawsuit" shall mean the patent infringement litigation captioned *KAIFI LLC v. T-Mobile US, Inc., et al.*, Case No. 2:20-cv-281-JRG, pending in the United States District Court Eastern District of Texas, Marshall Division.

    7.    The term "Person" or "Persons" shall include both natural persons and corporate or other businesses entities, and the acts and knowledge of that person are defined to include the acts and knowledge of that person's officers, directors, members, employees, representatives, servants, agents, and attorneys.

    8.    "Third Party" means a person other than Plaintiff or Defendants.

    9.    The term "Document" is synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including any current or future

amendments to Rule 34(a).

10. "Communication" and "Communications" refer to the exchange of information between any Person or entity by or through any mode or medium including, but not limited to, the spoken word, written or electronic correspondence, face-to-face meetings, and/or conveying information through third persons.

11. The term "Thing" refers to any physical object or tangible item other than a Document, including without limitation models, prototypes, computers, and commercially salable products.

12. The term "regarding" is used in its broadest customary sense and, by way of example without limitation, includes: analyzing, annotating, arising out of, commenting on, comprising, concerning, constituting, containing, demonstrating, describing, discussing, evidencing, identifying, interpreting, mentioning, recording, referring to, reflecting, relating to, reporting on, setting forth, stating, summarizing, and/or otherwise pertaining to the subject matter identified.  Furthermore, a Document "regarding" a particular subject includes, without limitation, documents regarding the preparation of other documents and document drafts.

13. The terms "all" and "each" shall be construed to include all and each.

14. The term "and" or "or" shall be construed disjunctively or conjunctively as necessary in order to bring within the scope of the request all documents that might otherwise be construed to be outside its scope.

15. The use of the singular form of any word should be construed as also including the plural, and the use of the plural form should be construed as also including the singular as necessary in order to bring within the scope of the request all documents that might otherwise be construed to be outside its scope.

**GENERAL INSTRUCTIONS**

A.      Consult Federal Rule of Civil Procedure 45(e)(1) and (2), which appears on the last page of this Subpoena, for a description of Your obligation to produce Documents and Things in response to this subpoena.

B.      Pursuant to Rule 45(e)(2), information may be withheld from production under a claim that it is privileged or subject to protection as trial-preparation material so long as the information withheld is properly identified and described, so as to enable Defendants to evaluate the claim of privilege or protection.  If any Documents, Things, or portions thereof requested by this subpoena are withheld from production on the basis of a claim or privilege or trial-preparation protection, You must prepare and deliver to Defendants a privilege log identifying each withheld Document, Thing, or portion thereof by: (i) the type (e.g., letter, memorandum, agreement), date, and general subject matter of the information; (ii) name(s) and address(es) of the present custodian(s); (iii) names and addresses of the author(s), recipient(s), and any other person(s) to whom the information was disclosed; and (iv) a detailed description of the grounds upon which the information is being withheld from production.

C.      Each document request must be complied with fully and completely, unless it is objected to in good faith, in which event the reason(s) for the objection must be stated in detail. If any objection pertains only to a portion of a document request, the objection must be stated to that portion only and the remainder of the request must be responded to as fully and completely as possible.

D.      Pursuant to Rule 45(e)(1), Documents produced in response to this subpoena must be produced as they are kept in the ordinary course of business, or must be organized and labeled to correspond to the categories identified in this subpoena.  For example, a Document that is part of a file, docket, or grouping should be physically produced together with all other Documents

4

from that file, docket, or grouping responsive to the request, in the same order and manner as the original.  As another example, a Document that is stapled, clipped, or otherwise bound should be produced in the same manner as the original.  Documents that are attached in the ordinary course of business shall not be separated or disassembled.

  E. Each requested Document shall be produced in its entirety without deletions or excisions.  If a Document responsive to any request cannot be produced in its entirety, it shall be produced to the extent possible with an explanation stating why production of the remainder is not possible.

  F. In accordance with the provisions of the Protective Order in this Lawsuit, attached hereto as Exhibit 1, You may designate produced Documents or Things as "CONFIDENTIAL" or "RESTRICTED — ATTORNEYS' EYES ONLY," and the designated materials will be treated accordingly.  The use of all Documents and Things produced by You pursuant to this subpoena is governed by the attached Protective Order.

## DOCUMENT REQUESTS

  1. All Documents and Things relating to any product or technology requirements that T-Mobile requires or requests that Apple provide on its devices relating to WiFi calling, WiFI handoff, or offloading, etc. between cellular and WiFi networks.

  2. All Documents and Things relating to any standards or certifications that T-Mobile requires Apple to support on its mobile devices relating to WiFi calling, WiFI handoff, or offloading, etc. between cellular and WiFi networks.

  3. All communications between Apple and T-Mobile relating to WiFi calling, WiFI handoff, or offloading, etc. between cellular and WiFi networks.

  4. All Documents and Things discussing KAIFI, Dong-Ho Cho, US Patent No. 6,922,728 or any application or foreign counterpart of the patent in suit.

5. All agreements with T-Mobile relating to the foregoing.