JOSH KREVITT
jkrevitt@gibsondunn.com
BENJAMIN HERSHKOWITZ
bhershkowitz@gibsondunn.com
KATHERINE Q. DOMINGUEZ
kdominguez@gibsondunn.com
PAUL J. KREMER
pkremer@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.4000
Facsimile:  212.351.4035

ROBERT VINCENT
rvincent@gibsondunn.com
NATHAN R. CURTIS
ncurtis@gibsondunn.com
AUDREY YANG
ayang@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue, Ste. 2100
Dallas, Texas 75201-2923
Telephone: 214.698.3100
Facsimile: 214.571.2900

MELISSA R. SMITH
melissa@gillamsmithlaw.com
GILLIAM & SMITH, LLP
303 S. Washington Ave.
Marshall, TX 75670
Telephone: 903.934.8450
Facsimile: 903.934.9257

Attorneys for Non-Parties
T-MOBILE US, INC. and T-MOBILE USA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAIFI LLC, | CASE NO. CV-21-80171 |
| Movant, | **DECLARATION OF BENJAMIN HERSHKOWITZ IN SUPPORT OF KAIFI LLC'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL** |
| v. | |
| Apple. Inc, | |
| Respondent. | |

Pursuant to Civil Local Rule 79-5, I hereby declare as follows:

1.     I am an attorney licensed to practice in the States of New York and New Jersey.  I was admitted to the Bar of the Northern District of California on June 29, 1995.  I am a partner at the law firm of Gibson, Dunn & Crutcher LLP, counsel to defendants T-Mobile US, Inc. and T-Mobile USA, Inc. (collectively, "T-Mobile") in case no. 2:20-cv-00281-JRG pending in the U.S. District Court for the Eastern District of Texas.  I submit this declaration in support of KAIFI LLC's ("KAIFI") Administrative Motion to File Under Seal ("Administrative Motion") which KAIFI filed in connection with KAIFI's Motion to Compel Compliance with Subpoena and the supporting exhibits.  I have personal knowledge of the facts stated herein and, if called as a witness, I could and would testify competently thereto.

2.     I have reviewed documents that KAIFI has proposed filing under seal.  The district court in the underlying action between KAIFI and T-Mobile entered a protective order governing the production and disclosure of trade secrets, confidential business information, and other proprietary information.  *See KAIFI LLC v. T-Mobile US, Inc. et al.*, Case No. 2:20-cv-00281-JRG (E.D. Tex.) (Dkt. No. 80) ("the Underlying Action").  Each document contains information that T-Mobile has designated as either "CONFIDENTIAL" or "RESTRICTED – ATTORNEYS' EYES ONLY" pursuant to the Protective Order in the Underlying Action.  This information comprises confidential commercial information that is the type regularly protected from public disclosure by courts.  *See, e.g.*, *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (finding there was a compelling reason for sealing when records contain business information that could be used to harm a litigant's competitive standing); *Finjan, Inc. v. Proofpoint, Inc.*, No. 13-CV-05808-HSG, 2016 WL 7429304, at *2 (N.D. Cal. Feb. 9, 2016) (sealing information about the technical operation of the products); *Delphix Corp. v. Actifio, Inc.*, No. 13-CV-04613- BLF, 2014 WL 4145520, at *2 (N.D. Cal. Aug. 20, 2014) (sealing information regarding "product architecture and development").

3.     The following documents contain sensitive information for which there are compelling reasons to file under seal:

- **KAIFI's Motion to Compel Compliance with Subpoena:**  KAIFI seeks to redact those portions of this document that identify details regarding T-Mobile's relationship with Apple.

Gibson, Dunn & Crutcher LLP

T-Mobile supports these redactions.  This information is highly sensitive and could be used, for example, by T-Mobile's competitors to discern aspects of the technical operation of T-Mobile's network, which T-Mobile maintains as confidential.

- **Exhibit A to the Nguyen Decl.[1] (T-Mobile's Initial Disclosures):**  T-Mobile supports sealing this exhibit in its entirety.  The document identifies and describes aspects of the operation of T-Mobile's network and additionally identifies specific T-Mobile employees and the substance of information known by those employees.  This information is highly sensitive as it could be used by T-Mobile's competitors to T Mobile's detriment, such as by discerning the specific vendors and equipment utilized by T-Mobile, which T-Mobile maintains as confidential.  In addition, the identity of T-Mobile employees, in connection with the substance of information that T-Mobile has identified those employees as having, is confidential business information not known publicly.

- **Exhibit C to the Nguyen Decl. (T-Mobile and KAIFI Correspondence):**  T-Mobile supports sealing this excerpts in this exhibit.  The document identifies and describes aspects of the operation of T-Mobile's network.  This information is highly sensitive as it could be used by T-Mobile's competitors to T-Mobile's detriment, such as by discerning the specific vendors and equipment utilized by T-Mobile, which T-Mobile maintains as confidential.

- **Paragraph 8 of the Nguyen Decl.:**  T-Mobile supports sealing the excerpts in this document.  The document identifies and describes aspects of the operation of devices on T-Mobile's network, as well as details of the relationship between T-Mobile and Apple.  This information is highly sensitive as it could be used by T-Mobile's competitors to T-Mobile's detriment, such as by discerning the vendor relationship between T-Mobile and Apple, as well as aspects of the operation of devices operating on T-Mobile's network, which T-Mobile maintains as confidential.

4.      Based on the foregoing, T-Mobile respectfully requests that this Court grant Cisco's Administrative Motion.

---

[1]  "Nguyen Decl." refers to the Declaration of  Dat Nguyen in Support of KAIFI's Motion to Compel Compliance with Subpoena: Memorandum of Points and Authorities.

Gibson, Dunn &
Crutcher LLP

1

2      I declare under penalty of perjury that the foregoing is true and correct.

3

4      Executed on the 19th of July, 2021, in New York, NY.

5

6

7                                                _____
                                                BENJAMIN HERSHKOWITZ

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF BENJAMIN HERSHKOWITZ IN SUPPORT OF ADMINISTRATIVE MOTION TO SEAL
CASE NO. CV-21-80108-MIS