# Exhibit D

WALKER STEVENS CANNOM LLP
Hannah L. Cannom (SBN 245635)
hcannom@wscllp.com
Bethany M. Stevens (SBN 245672)
bstevens@wscllp.com
500 Molino Street, Suite 118
Los Angeles, CA 90013
Telephone:   (213) 337-9972
Facsimile:   (213) 403-4906

Attorneys for Non-Party Apple Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAIFI LLC,<br><br>        Plaintiff,<br><br>vs.<br><br>T-MOBILE US, INC., ET AL,<br><br>        Defendants. | CASE NO.: 2:20-CV-281 (JRG)<br>(PENDING IN E.D. TEX.)<br><br>NON-PARTY APPLE INC.'S OBJECTIONS AND RESPONSES TO KAIFI LLC'S SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS IN A CIVIL ACTION |

NON-PARTY APPLE INC.'S OBJECTIONS AND RESPONSES TO KAIFI LLC'S SUBPOENA TO PRODUCE
DOCUMENTS, INFORMATION, OR OBJECTS IN A CIVIL ACTION

Apple Inc. ("Apple"), by and through its under-signed counsel and pursuant to Rules 26 and 45 of the Federal Rules of Civil Procedure, hereby serves the following objections and responses to Kaifi LLC's ("Kaifi" or "Plaintiff") Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (the "Subpoena"), served on Apple on or about February 3, 2021.

The following objections and responses are based on Apple's current knowledge, information and belief after making a reasonable inquiry within the time allotted by the Subpoena. Apple's investigation into this matter is ongoing, and it is willing to meet and confer with Kaifi regarding the scope of the documents sought. Apple reserves the right to supplement its objections and responses to the Subpoena to the extent additional or different information becomes available. Nothing in these objections or responses should be construed as a waiver of any rights of Apple under applicable rules and governing laws. Any document production in response to this Subpoena will be made pursuant to the Protective Order entered in the underlying litigation, with Apple reserving the right to request supplemental protections.

## GENERAL OBJECTIONS AND RESPONSES

Each of Apple's responses, below, is subject to and incorporates the following General Objections and Responses, in addition to any specifically stated objections. The assertion of specific objections in response to any individual request specified in the Requests does not waive any of Apple's General Objections.

1. Apple's headquarters are located in the Northern District of California, and not in Eastern District of Texas where this litigation is currently pending nor the Central District of California where this Subpoena was served. Pursuant to Federal Rule of Civil Procedure 45, the U.S. District Court for the Northern District of California is the governing district for purposes of the Subpoena and any related motions. Nothing in these objections and responses should be interpreted as a waiver of the jurisdiction of the Northern District of California.

2. Apple is a third party and non-party to the above-captioned action. Apple objects to each Document Request ("Request") listed in Schedule A to the Subpoena and to all

Definitions and Instructions to the Subpoena to the extent they seek documents that are available from one or more parties to the litigation and/or from public sources. It is unduly burdensome to ask third-party Apple to collect, review, process, and produce documents that could be sought from and produced by the parties to the litigation and/or that are publicly available.

3. Federal Rule of Civil Procedure 26(b)(1) limits the scope of discovery to any "nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Apple objects to the Subpoena, including the Requests, to the extent that it seeks documents beyond the permissible and reasonable scope of discovery.

4. Apple objects to the Subpoena, including all Requests, to the extent that it seeks third-party Apple's trade secrets, Apple's closely guarded research and development information, and other commercially sensitive and technical Apple materials protected from disclosure, including pursuant to Federal Rule of Civil Procedure 26(c)(1)(G) and/or Federal Rule of Evidence 501. Apple further objects to the Subpoena, including all Requests, to the extent that it seeks disclosure of proprietary and/or highly confidential and sensitive information of third-party Apple. Any materials produced in response to the Subpoena are subject to the Protective Order entered in this case, with Apple reserving the right to insist upon supplemental protections. Given the extremely sensitive nature of some of the documents and information sought by the Subpoena, Apple will not produce such documents and information unless the relevance, proportionality, and protective order issues have been adequately resolved.

5. Apple objects to the Subpoena, including all Requests, to the extent that it seeks the production of documents protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege, or any other applicable privilege, immunity, or protection from discovery, including any third-party duty or obligation of non-disclosure, privacy, or confidentiality. Such documents will not be produced, and any inadvertent disclosure or production thereof shall not be deemed a waiver of any privilege with respect to such information or documents or of any work product immunity which may attach thereto.

6. Apple objects to the Subpoena, including all Requests, to the extent that it is not narrowly or appropriately tailored to avoid imposing undue burden or expense on third-party Apple. Apple further objects to the Subpoena, including all Requests, to the extent that the burden or expense of the proposed discovery outweighs its likely benefit.

7. Apple objects to the Subpoena, including all Requests, to the extent that it seeks documents not in Apple's possession, custody, or control on the grounds that it would seek to require more of Apple than any obligation imposed by law, would subject Apple to unreasonable and undue annoyance, oppression, burden, and expense, and would seek to impose upon third-party Apple an obligation to investigate or obtain information or materials from other third parties.

8. Apple objects to the Subpoena, including all Requests, to the extent it seeks documents and information in the possession of, more efficiently obtained from, and/or confidential to one or more other third parties. To the extent Apple produces documents containing any third-party confidential information, it will do so only after fulfilling its obligations to the affected third-party under any applicable confidentiality agreement(s).

9. Apple objects to the Subpoena, including all Requests, as imposing undue expense on a non-party to this dispute, and as unduly burdensome and irrelevant to the litigation, especially to the extent that it may purport to require search and production from electronic mail systems or archival storage systems.

10. Apple objects to the Subpoena, including all Requests, to the extent that it seeks to impose any instruction, requirement, or request on Apple exceeding that required by the Federal Rules of Civil Procedure, the Local Rules, or any order in the above-captioned action, and/or would subject third-party Apple to unreasonable and undue burden and expense.

11. Apple objects to the Subpoena to the extent it purports to seek documents from any entity or individual other than Apple Inc., headquartered in Cupertino, California. In particular, Apple objects to the Definition of "You" and "Your" to the Subpoena as unduly broad and overly burdensome. In particular, Apple objects to the Subpoena seeking documents

from [Apple Inc.'s] "current and former parents, subsidiaries, affiliates, predecessors, successors, employees, managers, officers, directors, partners, agents, representatives, attorneys, anyone acting or purporting to act on its behalf or under its control, and any other Person from whom [Apple Inc.] has the right to obtain documents and tangible items responsive to this Subpoena." Apple will limit its investigation, collection, review, and production (if any) to Apple Inc.

12. Apple objects to the definition of "Plaintiff" and "KAIFI" as overly broad and unduly burdensome. For purposes of responding, Apple will interpret this term as referring to only Kaifi LLC.

13. Apple objects to the definition of "Defendants" and "T-Mobile" as overly broad and unduly burdensome. For purposes of responding, Apple will interpret this term as referring to only T-Mobile US, Inc.

14. Apple objects to the definition of "Related Patent" as overly broad and unduly burdensome. For example, such definition is overly broad and unduly burdensome because it includes "any parent or other ancestral U.S. or foreign patent or application related or claiming prior in any way to the identified patent, including but not limited to any continuation, continuation-in-part, divisional, file-wrapper continuation, reexamination proceeding, reissue, abandoned application, foreign counterpart application, or resulting issues patent thereof." For purposes of responding to the Subpoena, Apple will interpret this term as referring only to the Patent-in-Suit.

15. Apple objects to the Subpoena to the extent that it seeks disclosure of confidential commercial information and/or disclosure of an unretained expert's opinion or information that does not describe specific occurrences in the dispute and results from the expert's study that was not requested by a party pursuant to Federal Rule of Civil Procedure 45(d)(3)(B).

16. Apple objects to the Subpoena on the grounds that the date and location noticed for the document production are inconvenient and unduly burdensome to third-party Apple.

Apple will meet and confer with Kaifi regarding a mutually convenient time and place for the provision of documents responsive to the Subpoena, if any.

17. Apple objects to the Instructions included in the Subpoena as overly broad, unduly burdensome, and improper in that they seek to obtain discovery outside of the scope of the Federal Rules of Civil Procedure. Apple objects to all Instructions to the extent that they purport to place obligations on Apple beyond the permissible and reasonable scope of discovery.

18. Apple submits these responses and objections without conceding the relevance or materiality of the subject matter of any Request or of any document or thing, or that any responsive materials exist. Apple also submits the following responses and objections on the basis of information now known to Apple and without waiving any further objects to the materiality or relevance of any of the information requested. Apple further reserves all objections or other questions as to the competency, relevance, materiality, privilege, or admissibility as evidence in any subsequent proceeding in or at trial of this or any other action for any purpose whatsoever of Apple's responses herein and any document or thing, or information identified or provided in response to the Subpoena.

19. Apple's objections as set forth herein are made without prejudice to update, amend, or supplement these Objections and Responses to the Subpoena.

**OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION**

Specifically incorporating each of its General Objections and Responses into each and every Response below, Apple objects and responds as follows:

**REQUEST NO. 1:**

All Documents and Things relating to any product or technology requirements that T-Mobile requires or requests that Apple provide on its devices relating to WiFi calling, WiFi handoff, or offloading, etc. between cellular and WiFi networks.

**OBJECTIONS AND RESPONSES TO REQUEST NO. 1:**

Apple incorporates each of its General Objections and Responses into its response to Request No. 1 as if fully set forth herein. Apple further objects to this Request at least for the following reasons:

<u>Party Discovery</u>: Apple objects to this Request to the extent it seeks documents and information in the possession of, equally available to, and/or more efficiently obtained from the Defendants.

<u>Overly Broad and Unduly Burdensome</u>: Apple objects to this Request as overbroad and unduly burdensome, and failing to take reasonable steps to avoid imposing undue burden and expense on third-party Apple. The Request is not narrowly or reasonably tailored, particularly in its use of "[a]ll Documents and Things" and its use of the phrases "product or technology requirements," "requires or requests," and "relating to WiFi calling, WiFi handoff, or offloading, etc." Apple further objects to this Request as overly broad and unduly burdensome because it is unbounded in time. Apple further objects to the extent that this Request seeks documents and things not in the possession, custody, or control of Apple, and/or that are equally accessible to one or more parties to the litigation or other third parties.

<u>Vague and Ambiguous</u>: Apple objects to this Request as vague and ambiguous. In particular, the phrase "relating to WiFi calling, WiFi handoff, or offloading, etc." is unclear and would require the subjective judgment of Apple or its attorneys.

<u>Privileged and Work Product Materials</u>: Apple objects to this Request to the extent that it seeks the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege, or any other applicable privilege, immunity, or protection from discovery, including any third-party duty or obligation of non-disclosure, privacy, or confidentiality. Apple will not produce privileged or protected documents or information, and any inadvertent disclosure or production thereof shall not be deemed a waiver of any privilege with respect to such information or documents or of any work product immunity which may attach thereto.

<u>Not Relevant Third-Party Discovery</u>: Third-party Apple objects to this Request to the extent it seeks documents, things, or information that is not relevant and exceeds the reasonable scope of third-party discovery under the Federal Rules. The burden and expense of the proposed discovery to third-party Apple outweighs its likely benefit. For example, third- party Apple objects to this Request to the extent that it seeks Apple's trade secrets, commercially sensitive information, and/or closely guarded research and development information. Apple will not produce information referring or relating to unannounced or unreleased products. Apple further objects to this Request to the extent that it seeks documents, things, or information protected from disclosure, including pursuant to Federal Rule of Civil Procedure 26(c)(1)(G) and/or Federal Rule of Evidence 501. Plaintiff has not established that such sensitive and proprietary information and things are relevant to any party's claim or defense, or that it is proportional to the needs of the above- captioned case, considering the importance of the issues at stake, the amount in controversy, the parties' and Apple's relative access to relevant information, the parties' and third-party Apple's resources, and the importance of the discovery in resolving the issues. Furthermore, to the extent Apple produces any materials in response to the Subpoena, such production will be subject to the Protective Order entered in this case, with Apple reserving the right to insist upon supplemental protections.

Subject to and without waiving the foregoing objections, Apple will meet and confer with Plaintiff regarding the scope of this Request.

**REQUEST NO. 2:**

All Documents and Things relating to any standards or certifications that T-Mobile requires Apple to support on its mobile devices relating to WiFi calling, WiFi handoff, or offloading, etc. between cellular and WiFi networks.

**OBJECTIONS AND RESPONSES TO REQUEST. 2:**

Apple incorporates each of its General Objections and Responses into its response to Request No. 2 as if fully set forth herein. Apple further objects to this Request at least for the following reasons:

Party Discovery: Apple objects to this Request to the extent it seeks documents and information in the possession of, equally available to, and/or more efficiently obtained from the Defendants.

Overly Broad and Unduly Burdensome: Apple objects to this Request as overbroad and unduly burdensome, and failing to take reasonable steps to avoid imposing undue burden and expense on third-party Apple. The Request is not narrowly or reasonably tailored, particularly in its use of "[a]ll Documents and Things" and its use of the phrases "standards or certifications," and "relating to WiFi calling, WiFi handoff, or offloading, etc." Apple further objects to this Request as overly broad and unduly burdensome because it is unbounded in time. Apple further objects to the extent that this Request seeks documents and things not in the possession, custody, or control of Apple, that are publicly available, and/or that are equally accessible to one or more parties to the litigation or other third parties.

Vague and Ambiguous: Apple objects to this Request as vague and ambiguous. In particular, the terms "standards," "certifications," and "support," and the phrase "relating to WiFi calling, WiFi handoff, or offloading, etc." are unclear and would require the subjective judgment of Apple or its attorneys.

Privileged and Work Product Materials: Apple objects to this Request to the extent that it seeks the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege, or any other applicable privilege, immunity, or protection from discovery, including any third-party duty or obligation of non-disclosure, privacy, or confidentiality. Apple will not produce privileged or protected documents or information, and any inadvertent disclosure or production thereof shall not be deemed a waiver of any privilege with respect to such information or documents or of any work product immunity which may attach thereto.

Not Relevant Third-Party Discovery: Third-party Apple objects to this Request to the extent it seeks documents, things, or information that is not relevant and exceeds the reasonable scope of third-party discovery under the Federal Rules. The burden and expense of the proposed

discovery to third-party Apple outweighs its likely benefit. For example, third- party Apple objects to this Request to the extent that it seeks Apple's trade secrets, commercially sensitive information, and/or closely guarded research and development information. Apple will not produce information referring or relating to unannounced or unreleased products. Apple further objects to this Request to the extent that it seeks documents, things, or information protected from disclosure, including pursuant to Federal Rule of Civil Procedure 26(c)(1)(G) and/or Federal Rule of Evidence 501. Plaintiff has not established that such sensitive and proprietary information and things are relevant to any party's claim or defense, or that it is proportional to the needs of the above- captioned case, considering the importance of the issues at stake, the amount in controversy, the parties' and Apple's relative access to relevant information, the parties' and third-party Apple's resources, and the importance of the discovery in resolving the issues. Furthermore, to the extent Apple produces any materials in response to the Subpoena, such production will be subject to the Protective Order entered in this case, with Apple reserving the right to insist upon supplemental protections.

Subject to and without waiving the foregoing objections, Apple will meet and confer with Plaintiff regarding the scope of this Request.

**REQUEST NO. 3:**

All communications between Apple and T-Mobile relating to relating to WiFi calling, WiFi handoff, or offloading, etc. between cellular and WiFi networks.

**OBJECTIONS AND RESPONSES TO REQUEST NO. 3:**

Apple incorporates each of its General Objections and Responses into its response to Request No. 3 as if fully set forth herein. Apple further objects to this Request at least for the following reasons:

Party Discovery: Apple objects to this Request to the extent it seeks documents and information in the possession of, equally available to, and/or more efficiently obtained from the Defendants.

Overly Broad and Unduly Burdensome: Apple objects to this Request as overbroad and unduly burdensome, and failing to take reasonable steps to avoid imposing undue burden and expense on third-party Apple. The Request is not narrowly or reasonably tailored, particularly in its use of "[a]ll communications" and its use of the phrase "relating to WiFi calling, WiFi handoff, or offloading, etc." Apple further objects to this Request as overly broad and unduly burdensome because it is unbounded in time. Apple further objects to the extent that this Request seeks documents and things not in the possession, custody, or control of Apple, and/or that are equally accessible to one or more parties to the litigation or other third parties.

Vague and Ambiguous: Apple objects to this Request as vague and ambiguous. In particular, the phrase "relating to WiFi calling, WiFi handoff, or offloading, etc." is unclear and would require the subjective judgment of Apple or its attorneys.

Privileged and Work Product Materials: Apple objects to this Request to the extent that it seeks the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege, or any other applicable privilege, immunity, or protection from discovery, including any third-party duty or obligation of non-disclosure, privacy, or confidentiality. Apple will not produce privileged or protected documents or information, and any inadvertent disclosure or production thereof shall not be deemed a waiver of any privilege with respect to such information or documents or of any work product immunity which may attach thereto.

Not Relevant Third-Party Discovery: Third-party Apple objects to this Request to the extent it seeks documents, things, or information that is not relevant and exceeds the reasonable scope of third-party discovery under the Federal Rules. The burden and expense of the proposed discovery to third-party Apple outweighs its likely benefit. For example, third- party Apple objects to this Request to the extent that it seeks Apple's trade secrets, commercially sensitive information, and/or closely guarded research and development information. Apple will not produce information referring or relating to unannounced or unreleased products. Apple further objects to this Request to the extent that it seeks documents, things, or information protected

from disclosure, including pursuant to Federal Rule of Civil Procedure 26(c)(1)(G) and/or Federal Rule of Evidence 501. Plaintiff has not established that such sensitive and proprietary information and things are relevant to any party's claim or defense, or that it is proportional to the needs of the above- captioned case, considering the importance of the issues at stake, the amount in controversy, the parties' and Apple's relative access to relevant information, the parties' and third-party Apple's resources, and the importance of the discovery in resolving the issues. Furthermore, to the extent Apple produces any materials in response to the Subpoena, such production will be subject to the Protective Order entered in this case, with Apple reserving the right to insist upon supplemental protections.

Subject to and without waiving the foregoing objections, Apple will meet and confer with Plaintiff regarding the scope of this Request.

**REQUEST FOR PRODUCTION NO. 4:**

All Documents and Things discussing KAIFI, Dong-Ho Cho, US Patent No. 6,922,728 or any application or foreign counterpart of the patent in suit.

**OBJECTIONS AND RESPONSES TO REQUEST NO. 4:**

Apple incorporates each of its General Objections and Responses into its response to Request No. 4 as if fully set forth herein. Apple further objects to this Request at least for the following reasons:

<u>Overly Broad and Unduly Burdensome</u>: Apple objects to this Request as overbroad and unduly burdensome, and failing to take reasonable steps to avoid imposing undue burden and expense on third-party Apple. The Request is not narrowly or reasonably tailored, particularly in its use of "[a]ll Documents and Things" and its use of the phrase "any application or foreign counterpart of the patent in suit." Apple further objects to this Request as overly broad and unduly burdensome because it is unbounded in time. Apple further objects to the extent that this Request seeks documents and things not in the possession, custody, or control of Apple, that are publicly available, and/or that are equally accessible to one or more parties to the litigation or other third parties.

Vague and Ambiguous: Apple objects to this Request as vague and ambiguous. In particular, the term "discussing" and the phrase "any application or foreign counterpart of the patent in suit" are unclear and would require the subjective judgment of Apple or its attorneys.

Privileged and Work Product Materials: Apple objects to this Request to the extent that it seeks the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege, or any other applicable privilege, immunity, or protection from discovery, including any third-party duty or obligation of non-disclosure, privacy, or confidentiality. Apple will not produce privileged or protected documents or information, and any inadvertent disclosure or production thereof shall not be deemed a waiver of any privilege with respect to such information or documents or of any work product immunity which may attach thereto.

Not Relevant Third-Party Discovery: Third-party Apple objects to this Request to the extent it seeks documents, things, or information that is not relevant and exceeds the reasonable scope of third-party discovery under the Federal Rules. The burden and expense of the proposed discovery to third-party Apple outweighs its likely benefit. For example, third- party Apple objects to this Request to the extent that it seeks Apple's trade secrets, commercially sensitive information, and/or closely guarded research and development information. Apple will not produce information referring or relating to unannounced or unreleased products. Apple further objects to this Request to the extent that it seeks documents, things, or information protected from disclosure, including pursuant to Federal Rule of Civil Procedure 26(c)(1)(G) and/or Federal Rule of Evidence 501. Plaintiff has not established that such sensitive and proprietary information and things are relevant to any party's claim or defense, or that it is proportional to the needs of the above- captioned case, considering the importance of the issues at stake, the amount in controversy, the parties' and Apple's relative access to relevant information, the parties' and third-party Apple's resources, and the importance of the discovery in resolving the issues. Furthermore, to the extent Apple produces any materials in response to the Subpoena,

such production will be subject to the Protective Order entered in this case, with Apple reserving the right to insist upon supplemental protections.

Subject to and without waiving the foregoing objections, Apple will meet and confer with Plaintiff regarding the scope of this Request.

**REQUEST NO. 5:**

All agreements with T-Mobile relating to the foregoing.

**OBJECTIONS AND RESPONSES TO REQUEST NO. 5:**

Apple incorporates each of its General Objections and Responses and each of its Specific Objections and Responses to Request Nos. 1 through 4 into its response to Request No. 5 as if fully set forth herein. Apple further objects to this Request at least for the following reasons:

Party Discovery: Apple objects to this Request to the extent it seeks documents and information in the possession of, equally available to, and/or more efficiently obtained from the Plaintiff.

Overly Broad and Unduly Burdensome: Apple objects to this Request as overbroad and unduly burdensome, and failing to take reasonable steps to avoid imposing undue burden and expense on third-party Apple. The Request is not narrowly or reasonably tailored, particularly in its use of "[a]ll agreements" and "the foregoing," and because it is unbounded in time. Apple further objects to the extent that this Request seeks documents and things not in the possession, custody, or control of Apple, is publicly available, and/or that are equally accessible to one or more parties to the litigation or other third parties.

Vague and Ambiguous: Apple objects to this Request as vague and ambiguous. In particular, the term "agreements" is unclear and would require the subjective judgment of Apple or its attorneys.

Privileged and Work Product Materials: Apple objects to this Request to the extent that it seeks the production of documents or information protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege, or any other applicable privilege, immunity, or protection from discovery, including any third-party duty or obligation of non-

disclosure, privacy, or confidentiality. Apple will not produce privileged or protected documents or information, and any inadvertent disclosure or production thereof shall not be deemed a waiver of any privilege with respect to such information or documents or of any work product immunity which may attach thereto.

<u>Not Relevant Third-Party Discovery</u>: Third-party Apple objects to this Request to the extent it seeks documents, things, or information that is not relevant and exceeds the reasonable scope of third-party discovery under the Federal Rules. The burden and expense of the proposed discovery to third-party Apple outweighs its likely benefit. For example, third- party Apple objects to this Request to the extent that it seeks Apple's trade secrets, commercially sensitive information, and/or closely guarded research and development information. Apple will not produce information referring or relating to unannounced or unreleased products. Apple further objects to this Request to the extent that it seeks documents, things, or information protected from disclosure, including pursuant to Federal Rule of Civil Procedure 26(c)(1)(G) and/or Federal Rule of Evidence 501. Plaintiff has not established that such sensitive and proprietary information and things are relevant to any party's claim or defense, or that it is proportional to the needs of the above- captioned case, considering the importance of the issues at stake, the amount in controversy, the parties' and Apple's relative access to relevant information, the parties' and third-party Apple's resources, and the importance of the discovery in resolving the issues. Furthermore, to the extent Apple produces any materials in response to the Subpoena, such production will be subject to the Protective Order entered in this case, with Apple reserving the right to insist upon supplemental protections.

Subject to and without waiving the foregoing objections, Apple will meet and confer with Plaintiff regarding the scope of this Request.

Dated this 24th day of February, 2021

WALKER STEVENS CANNOM LLP

　　　　　/s/ *Hannah L. Cannom*
Hannah L. Cannom

Attorneys for Non-Party Apple Inc.

# PROOF OF SERVICE

I declare that I am employed with the law firm of Walker Stevens Cannom LLP, whose address is 500 Molino Street, Suite 118, Los Angeles, CA 90013. I am not a party to the within action, and I am over the age of eighteen years. I further declare that on February 24, 2021, I caused to be served a copy of the foregoing on the following individual via electronic mail at the address listed below:

> Robert Christopher Bunt
> 100 E. Ferguson, Ste. 418
> Tyler, TX 75702
> rcbunt@pbatyler.com

I declare under penalty of perjury that the foregoing is true and correct.

Dated: February 24, 2021

                                          /s/ Hannah L. Cannom
                                          Hannah L. Cannom