WALKER STEVENS CANNOM LLP
Hannah L. Cannom (SBN 245635)
hcannom@wscllp.com
Bethany M. Stevens (SBN 245672)
bstevens@wscllp.com
500 Molino Street #118
Los Angeles, CA 90013
Telephone:    (213) 337-9972
Facsimile:    (213) 403-4906

*Attorneys for Non-Party Apple Inc.*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAIFI LLC, | Case No.: 21-MC-80171-VKD |
| Movant, | |
| vs. | (*Kaifi LLC v. T-Mobile US, Inc.*, Civil Action No. 20-281; pending in E.D. Tex.) |
| APPLE INC., | NON-PARTY APPLE INC.'S OPPOSITION TO MOTION TO COMPEL COMPLIANCE WITH SUBPOENA |
| Respondent. | |
| | Date: August 17, 2021 |
| | Time: 10:00 a.m. |

## I.   INTRODUCTION

On February 3, 2021, KAIFI LLC served a subpoena on non-party Apple Inc., seeking in relevant part: "All Documents and Things relating to any product or technology requirements that T-Mobile requires or requests that Apple provide on its devices relating to WiFi calling, WiFi handoff, or offloading, etc. between cellular and WiFi networks." (Request No. 1); and "All Documents and Things relating to any standards or certifications that T-Mobile requires Apple to support on its mobile devices relating to WiFi calling, WiFi handoff, or offloading, etc. between cellular and WiFi networks." (Request No. 2.) Apple timely objected and for the next several months attempted to chase KAIFI's moving target and decipher what Apple-unique information KAIFI was seeking via these overbroad and inartful Requests.

KAIFI's Motion to Compel misrepresents these negotiations and this dispute. For example, KAIFI states that "Apple has to this date failed to comply with the requests and refuses to produce the responsive documents and information." (Mot. at 6.) But this is untrue. Once KAIFI articulated that it sought documents describing Apple devices' implementation of WiFi Calling (and not documents regarding T-Mobile product requirements, as indicated on the face of the Requests and which would be available from the defendant, T-Mobile), Apple produced the responsive non-source code documents uncovered in its investigation. KAIFI then demanded, without any justification or explanation of the relevance, further detail regarding the handover logic used by Apple devices. Apple confirmed that it does not have more detailed documentation short of source code, and Apple and KAIFI agreed to explore a declaration providing the additional detail in lieu of a source code production. That process was ongoing when KAIFI — without notice to Apple — filed its Motion (which makes no mention of Apple's offer and efforts regarding a declaration).

In its Motion, KAIFI indicates for the first time that it is "narrowing the scope of this dispute to the source code relating to WiFi handoff, including the handoff algorithms and Attribute-Value Pairs (AVPs) ("Handoff Source Code")." (Mot. at 7.) KAIFI's Motion and its purported "narrowing" should be rejected by the Court for a number of reasons. *First*, the

NON-PARTY APPLE INC.'S OPPOSITION TO MOTION TO COMPEL COMPLIANCE WITH SUBPOENA
- 1

Requests are facially overbroad and unduly burdensome on non-party Apple. Indeed, that KAIFI deems its demand for the Handoff Source Code to be responsive to (let alone a narrowing of) its request for documents regarding T-Mobile product or technology requirements underscores how broadly KAIFI interprets Request No. 1. *Second,* Apple has already produced documentation describing how its devices implement WiFi calling, and KAIFI has failed to demonstrate that the additional detail it demands is relevant to the parties' claims and defenses — indeed, since the filing of its Motion, KAIFI has indicated that it may no longer need Apple's handover logic *at all* — and/or that any such relevance exceeds the indisputable burden a compelled source code production would pose to Apple. *Third*, even if the additional detail requested by KAIFI was relevant and proportionate to the needs of the case, KAIFI has not justified its demand for source code when Apple has offered to produce such detail via less burdensome means (a declaration). *Finally*, to the extent KAIFI seeks something other than the Handoff Source Code in response to Request No. 2, the Request on its face call for documents available via party discovery, yet KAIFI has not shown its inability to obtain such documents from T-Mobile.

For these reasons and as further described herein, KAIFI has not satisfied its burden to justify compelling further production by Apple and KAIFI's Motion to Compel should be denied.

## II.     STATEMENT OF ISSUES TO BE DECIDED

(1) Whether KAIFI should be entitled to source code when Apple has already produced technical documents describing its implementation of WiFi calling, and has offered to provide additional detail requested by KAIFI via less burdensome means (a declaration).

(2) Whether Apple should be compelled to produce documents equally (if not more likely) available from T-Mobile where KAIFI has made no showing that it was unable to obtain such documents via party discovery.

## III.    FACTUAL BACKGROUND

On February 3, 2021, KAIFI served a subpoena for documents on Apple consisting of five document requests (the "Subpoena"), including the following requests that are the subject of

the Motion: "All Documents and Things relating to any product or technology requirements that T-Mobile requires or requests that Apple provide on its devices relating to WiFi calling, WiFi handoff, or offloading, etc. between cellular and WiFi networks." (Request No. 1); and "All Documents and Things relating to any standards or certifications that T-Mobile requires Apple to support on its mobile devices relating to WiFi calling, WiFi handoff, or offloading, etc. between cellular and WiFi networks." (Request No. 2.) (*See* Declaration of Dat Nguyen in Support of Motion to Compel ("Nguyen Decl."), ECF No. 11-5, at ¶ 3, Ex. B (ECF 11-9).) Apple timely served written objections and responses to the Subpoena on February 24, 2021. (*Id*. at ¶ 5, Ex. D (ECF 11-12).)

Counsel for Apple and KAIFI met and conferred by telephone numerous times, including as early as February 11, 2021 and most recently on July 28, 2021. (*See* Declaration of Bethany Stevens in Opposition to Motion to Compel ("Stevens Decl."), at ¶ 2.) Over the course of these calls, Apple consistently maintained that it was not willing to produce product requirements documents or other information available from T-Mobile. (*Id*. at ¶ 3.) KAIFI clarified that it sought documents describing Apple devices' implementation of WiFi Calling, which it claimed was relevant to its infringement allegations against T-Mobile. (*Id*.) Apple also made clear to KAIFI that it wished to avoid the burden of collecting and producing source code. Apple repeatedly confirmed it was searching only for non-source code documentation and, on a May 5, 2021 call, Apple indicated it may be willing to provide a declaration if necessary to avert a request for source code. (*Id*. at ¶ 4.)

On June 7, 2021, subject to its objections and responses, Apple produced two documents (a technical paper and a presentation) describing the implementation of WiFi calling on Apple devices. (*Id*. at ¶ 5.) Thereafter, KAIFI demanded further detail. (*Id*. at ¶ 6.) Apple, through additional employee interviews, confirmed that Apple does not have more detailed documentation short of source code, and Apple and KAIFI agreed to explore a declaration providing the additional detail in lieu of a source code production. (*Id*. at ¶ 7.)

1   On July 1, 2021, counsel for Apple and KAIFI met via telephone again and Apple

2   described additional detail regarding Apple's handover logic that it would be willing to provide

3   by declaration. (*Id*.) Again, KAIFI requested additional detail, namely: (i) the threshold values

4   Apple devices map to signal bar strengths of 1 bar and 4 bars; and (ii) if such values or "logic

5   flows" have changed over time, the different versions. (*Id*. at ¶ 7, Ex. A.) Apple agreed to search

6   for this additional information and indicated that, due to the July 4th holiday and employee

7   vacation schedules, it would not have results until at least July 19, 2021. (*Id*. at ¶ 8.)

8   On July 13, 2021, without prior notice to Apple, KAIFI filed its Motion to Compel,

9   which indicated for the first time that KAIFI is "narrowing the scope of this dispute to the source

10   code relating to WiFi handoff, including the handoff algorithms and Attribute-Value Pairs

11   (AVPs)." (*Id*. at ¶ 9.) After the filing, Apple continued efforts to meet and confer with KAIFI

12   and to obtain from Apple employees the additional detail KAIFI had requested via a declaration.

13   On July 16, 2021, counsel for Apple and KAIFI met by phone and Apple asked whether the

14   Motion reflected KAIFI's determination that a declaration would not be sufficient and it needed

15   source code, or a reservation of KAIFI's rights while Apple and KAIFI negotiated a declaration,

16   and KAIFI's counsel indicated "definitely the latter." (*Id*. at ¶ 10.) On July 28, 2021, counsel for

17   Apple and KAIFI met by phone again and Apple confirmed it received and remained willing to

18   provide via declaration the additional detail KAIFI had requested. (*Id*. at ¶ 11.) KAIFI's counsel

19   indicated it may no longer need the Apple handover logic. (*Id*.) Apple's counsel followed up via

20   email on July 30, 2021, regarding its proposed declaration. (*Id*. at ¶ 12, Ex. A.) As of the writing

21   of this Opposition, counsel for Apple has not received a response to its July 30, 2021, email. (*Id*.

22   at ¶ 12.)

23   **IV.   THE COURT SHOULD DENY KAIFI'S MOTION TO COMPEL**

24   **A.  Legal Standard**

25   Federal Rules of Civil Procedure 26 and 45 work in tandem to protect non-parties from

26   unduly burdensome discovery requests. Rule 26 provides that the court must limit discovery that

27   is "unreasonably cumulative or duplicative, or can be obtained from some other source that is

28

1    more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i). In turn,

2    Rule 45 requires "[a] party or attorney responsible for issuing and serving a subpoena [to] take

3    reasonable steps to avoid imposing undue burden or expense on a person subject to the

4    subpoena," and instructs that "the court for the district where compliance is required must quash

5    or modify a subpoena that … subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A).

6         The test for undue burden balances "the burden to the subpoenaed party against the value

7    of the information to the serving party . . . ." *AngioScore, Inc. v. TriReme Med., Inc.*, Case No.

8    12-cv-03393-YGR (JSC), 2014 WL 6706873, at *2 (N.D. Cal. Nov. 25, 2014) (*citing Moon v.*

9    *SCP Pool Corp.*, 232 F.R.D. 633, 637 (C.D. Cal. 2005)). "Concern for the unwanted burden

10   thrust upon non-parties is a factor entitled to special weight in evaluating the balance of

11   competing needs in a Rule 45 inquiry." *Amini Innovation Corp. v. McFerran Home Furnishings,*

12   *Inc.*, 300 F.R.D. 406, 409 (C.D. Cal. 2014) (internal quotations and citations omitted); *see also*

13   *Intermarine, LLC v. Spliethoff Bevrachtingskantoor, B.V.*, 123 F. Supp. 3d 1215, 1218-19 (N.D.

14   Cal. 2015) ("the Ninth Circuit has long held that nonparties subject to discovery requests deserve

15   extra protection from the courts") (citations omitted).

16        **B.   KAIFI Has Not Mets Its Significant Burden To Compel Production Of Apple's**
17        **Handoff Source Code**

18        Request No. 1 seeks "[a]ll Documents and Things relating to any product or technology

19   requirements that T-Mobile requires or requests that Apple provide on its devices relating to

20   WiFi calling, WiFi handoff, or offloading, etc. between cellular and WiFi networks." (Nguyen

21   Decl., Ex. B.) The Motion indicates for the first time that KAIFI is "narrowing" this request to

22   one for the Handoff Source Code. (Mot. at 7.) The Court should reject KAIFI's purported

23   "narrowing" of Request No. 1 and its demand for the Handoff Source Code.

24        1.   The Request Is Facially Overbroad and Should Not Be Construed As
25             Seeking the Handoff Source Code.

26        KAIFI's use of "*[a]ll* Documents and Things," "*any* product or technology

27   requirements," "requires *or* requests," and "WiFi calling, WiFi handoff, or offloading, *etc.,*" as

28   well as KAIFI's failure to incorporate any time or date restriction, all demonstrate the

1  overbreadth and ambiguity of Request No. 1. *See e.g., Horizon Holdings, L.L.C. v. Genmar*

2  *Holdings, Inc.,* 209 F.R.D. 208, 215 (D. Kan. 2002) (finding that requests to non-parties that seek

3  "any and all documents" are overly broad, vague, and ambiguous on their face). Under any

4  reasonable interpretation, Request No. 1 would not even reach Apple source code. KAIFI may be

5  frustrated that Apple is not willing to produce T-Mobile product requirements available to KAIFI

6  via party discovery and/or that Apple does not have documentation certifying its compliance

7  with T-Mobile product requirements relating to WiFi calling. But this does not justify KAIFI's

8  enlargement of Request No. 1 to reach Apple source code, which even under the most expansive

9  reading should not be deemed to relate to T-Mobile product requirements. KAIFI's attempt to

10  "narrow" Request No. 1 to demand the Handoff Source Code should be rejected.

2.   <u>KAIFI's Demand for Handoff Source Code Seeks Irrelevant and</u>
<u>Disproportionate Non-Party Discovery.</u>

13  Even if Request No. 1 is interpreted broadly enough to cover Apple's implementation of

14  WiFi calling generally (as opposed to Apple's implementation of T-Mobile product

15  requirements), Apple has already produced responsive documentation. KAIFI has demanded

16  additional detail regarding the logic Apples uses when switching calls between WiFi and cellular

17  networks — namely: (i) the values Apple devices map to threshold signal bar strengths; and

18  (ii) the different versions of Apple's logic since the introduction of WiFi calling. (Stevens Decl.,

19  at ¶ 7, Ex. A.) But KAIFI has not established the relevance and necessity of this additional detail

20  and/or demonstrated that any such relevance exceeds the burden to Apple. For example, KAIFI

21  states that the Handoff Source Code is "relevant to the asserted claim elements, including but not

22  limited to those reciting "selecting" and "switching" between the indoor (i.e. WiFi) and outdoor

23  (i.e. cellular) networks." (*See* Mot. at 7-8.) Even if true that information regarding Apple's

24  implementation of WiFi calling is relevant to KAIFI's infringement claims against T-Mobile, it

25  is unclear why the additional detail — beyond that provided in the produced Apple documents

26  — is relevant to KAIFI's claims. Apple is not aware, for instance, of any claim elements

27  requiring specific threshold signal strength values, nor of any infringement or non-infringement

28  positions based on the values used by Apple devices. Indeed, as recently as last week, KAIFI

NON-PARTY APPLE INC.'S OPPOSITION TO MOTION TO COMPEL COMPLIANCE WITH SUBPOENA

- 6 -

1    represented  that it may no longer have a need for the Apple devices' handover logic **at all**.

2    (Stevens Decl., at ¶ 12, Ex. A.)

3        Further, even if KAIFI could demonstrate the relevance and necessity of the Handoff

4    Source Code, such a showing would not be sufficient to compel production; rather, KAIFI must

5    show that its need for the source code exceeds the burden to Apple. *See, e.g. Audio MPEG, Inc.*

6    *v. HP Inc.*, Case No.16-mc-80271-HRL, 2017 WL 950847, at * 5 (N.D. Cal. Mar. 10, 2017)

7    (quashing subpoena because the burden of producing the requested information is not

8    outweighed by the benefit to the subpoenaing party of obtaining such information). Here, KAIFI

9    cannot dispute that the burden to Apple of producing source code would be significant. Apple

10   would have to expend resources and divert valuable employee time to identify the requested

11   source code and to prepare and deploy a source code computer. (Declaration of Amy Walters

12   ("Walters Decl."), at ¶ 3.) Moreover, source code is among the most highly proprietary and

13   protected trade secret material of a company like Apple (*id.* at ¶ 2) and, as such, courts impose a

14   high threshold when analyzing demands for its production in litigation. *See, e.g., In re Chronotek*

15   *Systems, Inc.*, No. 07-0279, 2007 WL 2177013, at *1 (S.D. Tex. July 27, 2007) ("There is no

16   dispute in this case that the subpoenaed source code qualifies as a confidential trade secret . . .

17   [the movant] must demonstrate that it has a substantial need for the material."). The logistical

18   burdens and security risks are even more pronounced in this case due to the ongoing COVID-19

19   pandemic. For example, the Protective Order in the underlying litigation provides for remote

20   source code review, which the Protective Order appears to recognize is not typical and is less

21   restrictive and protective than the conditions under which source code would otherwise be

22   produced. (Stevens Decl., at ¶ 13, Ex. B).) To date during the pandemic, Apple has not produced

23   source code for remote review in any case in which it is not a party. (Walters Decl. at ¶ 4.)

24       KAIFI argues that Apple is not unduly burdened because KAIFI "is not seeking to

25   inspect the entirety of Apple's source code," but only the Handoff Source Code. (Mot. at 9.)

26   Putting aside that a request for the entirety of Apple's source code would be absurd, KAIFI's

27   argument is belied by its failure to limit its demand to any particular date or version; instead,

28

KAIFI has indicated that it seeks every version of Apple's WiFi calling handover logic since its inception. (Stevens Decl. at ¶ 7, Ex. A.) Further, KAIFI dismisses Apple's objections regarding the burden of producing its most highly sensitive information because the production would be subject to a Protective Order. (Mot. at 8-9.) But while a protective order may mitigate security concerns, it does not nullify them nor does it eliminate the security risk that a non-party assumes by producing source code in litigation. *See e.g., Realtime Data, LLC v. MetroPCS Texas, LLC*, No. 12CV1048-BTM MDD, 2012 WL 1905080, at *3 (S.D. Cal. May 25, 2012) (denying motion to compel non-party production of source code, noting a non-party's "concerns regarding the security of its source code, despite the protective order, cannot be ignored"). KAIFI's reasoning that Apple has mooted its burden/security objections by producing non-source code material pursuant to the Protective Order and/or producing its source code in cases in which it is a party (Mot. at 8-9) are similarly uncompelling and have nothing to do with the burden of producing source code in response to a non-party subpoena.

Because KAIFI has not demonstrated that its need for the additional detail that may be afforded by the Handoff Source Code exceeds the burden to Apple of producing such source code, KAIFI has not met its significant burden to compel further production by Apple and the Court should deny KAIFI's Motion. *See Moon*, 232 F.R.D. at 637 (quashing subpoena seeking tangential information as imposing an "undue burden;" "[a]n evaluation of undue burden requires the court to weigh the burden to the subpoenaed party against the value of the information to the serving party"); *Compaq Computer Corp. v. Packard Bell Elecs., Inc.*, 163 F.R.D. 329, 335-36 (N.D. Cal. 1995) (if the sought documents are not relevant nor calculated to lead to the discovery of admissible evidence, then *any burden whatsoever* imposed upon [the subpoenaed non-party] would be by definition "undue") (emphasis in original).

3. <u>The Information KAIFI Seeks To Compel Via Its Demand for the Handoff Source Code Is Available Via Less Burdensome Means</u>.

Even if the additional detail requested by KAIFI was relevant and proportionate to the needs of the case — which it is not — KAIFI has not justified its demand for source code where Apple has offered to produce such detail via less burdensome means. Here, prior to the filing of

1    KAIFI's Motion, Apple described to KAIFI additional detail regarding Apple's handover logic

2    that it would be willing to provide by declaration, and KAIFI requested two additional pieces of

3    information, which Apple agreed to investigate: (i) the threshold values Apple devices map to

4    signal bar strengths of 1 bar and 4 bars; and (ii) if such values or "logic flows" have changed

5    over time, the different versions. (Stevens Decl. at ¶ 7, Ex. A.) Apple has since confirmed to

6    KAIFI that Apple obtained and remained willing to provide via declaration the additional detail

7    KAIFI had requested. (*Id*. at ¶ 11.)

8          Apple has gone to great lengths to work with KAIFI and meet KAIFI's non-party

9    discovery demands. KAIFI's about-face and its Motion to Compel source code, without even a

10   mention in its papers regarding Apple's offer and efforts to provide a declaration, are improper

11   and should be rejected. To the extent the Court is inclined to compel further production by

12   Apple, Apple respectfully requests that the Court deny KAIFI's request for source code and

13   order KAIFI to meet and confer with Apple in good faith regarding a declaration containing the

14   two additional details requested by KAIFI on July 1, 2021.

15         **C.  Request No. 2 Is Overbroad and Unduly Burdensome**

16         Request No. 2 is so broad and vague — seeking "[a]ll Documents and Things relating to

17   any standards or certifications that T-Mobile requires Apple to support on its mobile devices

18   relating to WiFi calling, WiFi handoff, or offloading, etc. between cellular and WiFi networks"

19   — that it is unclear what, if anything, KAIFI is moving to compel from Apple beyond the

20   Handoff Source Code. To the extent KAIFI seeks the Handoff Source Code in response to

21   Request No. 2, the Court should deny the request for the same reasons set forth in Section IV.B,

22   above. To the extent KAIFI seeks to compel the production of something other than the Handoff

23   Source Code, KAIFI's Motion should be denied for at least the following reasons.

24         *First*, the Request is facially overbroad, vague, and ambiguous, particularly in its use of

25   "*[a]ll* Documents and Things," "*any* standards or certifications," and "WiFi calling, WiFi

26   handoff, or offloading, *etc.*" Further, Request No. 2 is unbounded in time. Due to the overbreadth

27   and ambiguity of this Request, as well as the extent to which it overlaps with and duplicates

28

1    Request No. 1, Apple is unable to decipher what documents (beyond those already produced by

2    Apple) KAIFI is seeking, thus rendering further compliance infeasible. Even KAIFI's Motion

3    does not specify what documents it is seeking to compel from Apple in response to Request No.

4    2, why KAIFI needs such documents, and/or why its need exceeds the burden to Apple.

5          *Second*, the Request appears on its face to call for documents available via party

6    discovery (*i.e.*, T-Mobile requirements), yet KAIFI has not shown its inability to obtain such

7    documents from T-Mobile. This Court regularly quashes as unduly burdensome subpoenas that

8    ask a non-party to search for and produce documents that are available via party discovery, and

9    the same result should follow here. *See, e.g. Chevron Corp. v. Donziger*, Case No. 13-MC-80038

10   CRB (NC), 2013 WL 1402727, at *6 (N.D. Cal. Apr. 5, 2013) (granting a motion to quash where

11   the subpoenaing party had not shown that the information sought was unavailable from the

12   parties); *Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 577 (N.D. Cal. 2007) ("There is

13   simply no reason to burden nonparties when the documents sought are in possession of the party

14   defendant.").

15         KAIFI's catch-all request to compel further production by Apple in response to Request

16   No. 2, which reflects no effort to tailor the request to targeted information, should be denied. *See*

17   *ASUS Computer Int'l v. Micron Technology Inc.*, Case Nos. 14-cv-00275 JST (NC), 14-cv-

18   00393 JST (NC), 2014 WL 12625461, at *3 (N.D. Cal. Apr. 21, 2014) (denying motion to

19   compel where subpoenaing party failed to narrowly tailor requests).

20   **V.      CONCLUSION**

21         For the foregoing reasons, Apple respectfully requests that the Court deny KAIFI's

22   Motion to Compel.

23

24   Dated this 4th day August, 2021                    WALKER STEVENS CANNOM LLP

25                                                          */s/ Bethany Stevens*
                                                           Bethany Stevens
26

27                                                      *Attorneys for Non-Party Apple Inc.*

28