WALKER STEVENS CANNOM LLP
Hannah L. Cannom (SBN 245635)
hcannom@wscllp.com
Bethany M. Stevens (SBN 245672)
bstevens@wscllp.com
500 Molino Street #118
Los Angeles, CA 90013
Telephone:   (213) 337-9972
Facsimile:    (213) 403-4906

*Attorneys for Non-Party Apple Inc.*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAIFI LLC,<br><br>Movant,<br><br>vs.<br><br>APPLE INC.,<br><br>Respondent. | Case No.: 21-MC-80171-VKD<br><br>(*Kaifi LLC v. T-Mobile US, Inc.*, Civil Action No. 20-281; pending in E.D. Tex.)<br><br>DECLARATION OF BETHANY STEVENS IN NON-PARTY APPLE INC.'S OPPOSITION TO MOTION TO COMPEL COMPLIANCE WITH SUBPOENA<br><br>Date: August 17, 2021<br>Time: 10:00 a.m. |

# DECLARATION OF BETHANY STEVENS

I, Bethany Stevens, declare as follows:

1. I am a partner at Walker Stevens Cannom LLP, counsel for Apple Inc. I submit this declaration in support of non-party Apple Inc.'s Opposition to KAIFI LLC's Motion to Compel Compliance with Subpoena. I have personal knowledge of the facts contained in this declaration, and if called as a witness, I could and would so competently testify.

2. I, together with my partner, Hannah Cannom, met and conferred with KAIFI's counsel by telephone regarding KAIFI's Subpoena to Apple numerous times, including as early as February 11, 2021 and most recently on July 28, 2021.

3. Over the course of our calls with KAIFI's counsel, I consistently maintained that Apple was not willing to produce product requirements documents or other information available from T-Mobile. KAIFI's counsel indicated that KAIFI sought documents describing Apple devices' implementation of WiFi Calling, which it claimed was relevant to its infringement allegations against T-Mobile.

4. I also stated to KAIFI's counsel numerous times that Apple wished to avoid the burden of collecting and producing source code and confirmed that Apple was searching only for non-source code documentation. On a May 5, 2021 call with KAIFI's counsel, I indicated that Apple may be willing to provide a declaration if necessary to avert a request for source code.

5. On June 7, 2021, subject to its written objections and responses, Apple produced two documents in response to KAIFI's Subpoena; namely, a technical paper and a presentation describing the implementation of WiFi calling on Apple devices.

6. On a further telephonic meet and confer on June 24, 2021, KAIFI's counsel requested further detail beyond that provided in the document produced by Apple. Thereafter, Apple agreed to investigate further.

7. On July 1, 2021, I met with KAIFI's counsel via telephone again. I conveyed that, through additional employee interviews, Apple had confirmed that it does not have more detailed documentation short of source code. KAIFI's counsel and I agreed to explore a declaration

providing the additional detail requested by KAIFI in lieu of a source code production. I also described additional detail regarding Apple's handover logic that Apple would be willing to provide by declaration. Again, KAIFI's counsel requested further detail, namely the threshold values Apple devices map to signal bar strengths of 1 bar and 4 bars. In addition, by follow-up email to this call on July 1, 2021, KAIFI's counsel indicated that, if such values or "logic flows" have changed over time, KAIFI would be looking for the different versions. A true and correct copy of this July 1, 2021, email is included in the chain attached hereto as **Exhibit A**.

8. Apple agreed to search for this additional information and indicated that, due to the July 4th holiday and employee vacation schedules, it would not have results until at least July 19, 2021.

9. On July 13, 2021, without prior notice to Apple, KAIFI filed its Motion to Compel, which indicated for the first time that KAIFI is "narrowing the scope of this dispute to the source code relating to WiFi handoff, including the handoff algorithms and Attribute-Value Pairs (AVPs)."

10. After the filing, Apple continued efforts to meet and confer with KAIFI and to obtain from Apple employees the additional detail KAIFI had requested via a declaration. On July 16, 2021, I met with KAIFI's counsel by phone and asked whether the Motion reflected KAIFI's determination that a declaration would not be sufficient and it needed source code, or a reservation of KAIFI's rights while Apple and KAIFI negotiated a declaration. KAIFI's counsel indicated "definitely the latter."

11. On July 28, 2021, counsel for KAIFI and I met by phone again and I confirmed Apple had obtained and remained willing to provide via declaration the additional detail KAIFI had requested regarding the threshold values for handover and changes to the handover logic over time. KAIFI's counsel indicated he would take the offer back, but may no longer need the Apple handover logic.

12. Attached as **Exhibit A** is a true and correct copy of an email I sent to KAIFI's counsel on July 30, 2021, memorializing our calls of July 16 and 28, 2021. As of the writing of this declaration, I have not received a response to this email.

13. Attached as **Exhibit B** is a true and correct copy of the Protective Order entered on December 20, 2020 (ECF No. 80) in *Kaifi LLC v. T-Mobile US, Inc.*, Case No. 2:20-cv-00281-JRG (E.D. Tex.).

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed this 4th day of August, 2021, at Los Angeles, California.

                                          */s/ Bethany Stevens*
                                          Bethany Stevens