LTL ATTORNEYS LLP
Prashanth Chennakesavan (Bar No. 284022)
Prashanth.chennakesavan@ltlattorneys.com
Dat T. Nguyen (Bar No. 280755)
dat.nguyen@ltlattorneys.com
300 S. Grand Avenue, 14th Floor
Los Angeles, CA 90071
Tel: (213) 612-8900
Fax: (213) 612-3773

Attorneys for Movant KAIFI LLC

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA
(SAN JOSE DIVISION)

| | |
|---|---|
| KAIFI LLC,<br><br>   Movant,<br><br>   v.<br><br>APPLE INC.,<br><br>   Respondent. | Case No.: 21-MC-80171-VKD<br><br>**KAIFI LLC'S REPLY IN SUPPORT OF MOTION TO COMPEL COMPLIANCE WITH SUBPOENA**<br><br>Date:    August 17, 2021<br>Time:   10:00 a.m. |

## I.  INTRODUCTION

In its opposition, Apple creates a strawman, suggesting that KAIFI seeks the "entirety" of Apple's source code and that KAIFI seeks information it could receive from T-Mobile.  Based on months of meet-and-confer, and as Apple acknowledges, KAIFI seeks only documents and code relevant to the at-issue features, and only because T-Mobile has failed to provide this information.  As explained below, Apple's arguments regarding relevance and burden are unavailing and the motion should be granted.

## II.  ARGUMENT

The Court should compel Apple to produce the source code relating to WiFi handoff, including the handoff algorithms and Attribute-Value Pairs (AVPs) ("Handoff Source Code").

*First*, Apple contends that Request No. 1 is facially overbroad and does not "even reach Apple source code."  Dkt. 14 at 6.  This is not true.  The term "Document" as defined in KAIFI's Subpoena is "synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a)."  Subpoena at 2, ¶ 9.  This encompasses "any designated documents or electronically stored information—including writings, drawings, graphs, charts, photographs, sound recordings, images, *and other data or data compilations*—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form."  Rule 34(a) (emphasis added).  Source code is included within the broad swath of information that is discoverable under Rule 34, including at least "data or data compilations."  To the extent Apple contends the request as originally worded is overbroad, KAIFI has resolved this concern by significantly narrowing it to the source code relating to WiFi handoff, including the handoff algorithms and Attribute-Value Pairs (AVPs) (i.e., the Handoff Source Code).

1    *Second*, Apple contends that the Handoff Source Code is irrelevant and burdensome to produce. Dkt. 14 at 6. Again, that is unsupported. The handover algorithms are relevant to at least the claim elements of the asserted '728 Patent that recite "selecting one of the indoor and the outdoor networks in accordance with the determined location of the data communication terminal" (Claim 1 and dependent claims), and "switching [the] connection of the data communication terminal" (Claim 12 and dependent claims). Apple states that it has "confirmed that it does not have more detailed documentation short of source code." Dkt. 14 at 1. That makes source code highly relevant, and indeed potentially the only source of information detailing the implementation of at-issue technology.

Apple also asserts that there is an unreasonable burden in producing source code, but fails to offer substantiation. In a carefully worded declaration, Apple states that in an arbitrarily chosen time period—"during the pandemic"—it has not produced source code for remote review in an arbitrarily chosen category of cases—those "in which it is not a party." Dkt. 14 at 7. Apple's phrasing implies, if not confirms, that it *has* produced source code for remote review "during the pandemic" in cases in which it is a party, and *has* produced source code in other cases before the pandemic. Apple cites no authority that entitles it to a "non-party during the pandemic" exception to the Federal Rules of Civil Procedure.

Apple clearly has the ability to produce source code for remote review, minimizing any burden.

*Third*, Apple contends that a declaration would be a less burdensome means of providing the information requested. While KAIFI appreciates Apple's willingness to provide information in this form, it has not yet received any such declaration. Moreover, a declaration – even if Apple were to provide one – may not be admissible at trial. *See* Fed. R. Evid. 804. In order for former testimony of a witness to be admissible, it must be given "at a trial, hearing, or lawful deposition" and the party against whom the testimony is offered should have an opportunity to

cross-examine the witness.  *See id.*  A declaration from an Apple employee would not satisfy these requirements.  The production of documents and code is the least intrusive method of discovery available here.

*Finally*, with respect to Request No. 2, Apple should be compelled to produce its standards or certification documents.  Apple's boilerplate contention that this request is "overbroad and unduly burdensome" is again unsupported by any evidence, including as to the alleged burden on Apple.  Nor is the request overbroad.  It does not seek *all* standards and certifications with respect to T-Mobile, the defendant in the Underlying Action, but only those related to specific features: WiFi calling, WiFi handoff, and WiFi offloading.  These are narrowly crafted requests that seek specific documents that Apple does not dispute are in its possession.  Apple's contention that the documents can be more readily obtained by T-Mobile is also unsupported.  On the contrary, KAIFI has not received these documents from T-Mobile.  *See* Mot. at 10-11.

### III.  CONCLUSION

For the reasons stated above, KAIFI respectfully requests an order compelling Apple to produce responsive documents, including the Handover Source Code.

| DATED:  August 10, 2021 | By: /s/ Prashanth Chennakesavan |
|---|---|
| | LTL ATTORNEYS LLP<br>Prashanth Chennakesavan<br>Dat T. Nguyen<br><br>Attorneys for KAIFI LLC |