UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KAIFI LLC,<br><br>            Movant,<br><br>   v.<br><br>APPLE INC.,<br><br>            Respondent. | Case No. 21-mc-80171-VKD<br><br>**ORDER DENYING KAIFI'S MOTION TO COMPEL FURTHER COMPLIANCE WITH SUBPOENA TO APPLE**<br><br>Re: Dkt. No. 11-4 |

In this miscellaneous action, KAIFI LLC ("KAIFI") moves for an order compelling Apple Inc. ("Apple") to produce certain documents pursuant to KAIFI's document subpoena to Apple. Dkt. No. 11-4. Specifically, KAIFI moves to compel the production of source code showing how Apple-manufactured devices implement switching between WiFi and cellular networks, known as "WiFi handoff," and documents reflecting Apple's compliance with standards or certification requirements associated with this same functionality. Dkt. No. 11-4 at 2, 4, 7–9, 10. Having considered the parties' briefing and arguments at the hearing, the Court denies KAIFI's motion to compel.

## I.  BACKGROUND

KAIFI's document subpoena to Apple includes the following document requests:

> Request No. 1: All Documents and Things relating to any product or technology requirements that T-Mobile requires or requests that Apple provide on its devices relating to WiFi calling, WiFi handoff, or offloading, etc. between cellular and WiFi networks.

> Request No. 2: All Documents and Things relating to any standards of certifications that T-Mobile requires Apple to support on its mobile devices relating to WiFi calling, WiFi handoff, or offloading, etc. between cellular and WiFi networks.

Dkt. No. 11-9 at 5. KAIFI argues that the documents it now seeks are within the scope of these two requests. KAIFI argues that these documents are relevant to its patent infringement claims against T-Mobile in an action in the Eastern District of Texas. *See* Dkt. No. 11-4 at 1 (citing *KAIFI LLC v. T-Mobile US, Inc.*, No. 20-cv-281 (JRG) (E.D. Tex.)).

Apple objects that neither document request may be read to encompass the materials KAIFI now demands, as both refer to requirements of *T-Mobile*, not Apple. Dkt. No. 14. Nevertheless, Apple states that it is willing to provide a declaration addressing the two pieces of information KAIFI says it requires: (1) the threshold values Apple devices map to signal bar strengths of 1 bar and 4 bars, and (2) whether and how such values have changed over time. Dkt. No. 14 at 4, 9; Dkt. No. 14-1 (Decl. of Bethany Stevens) ¶¶ 7, 11. In these circumstances, Apple argues that it should not have to produce its source code. Dkt. No. 14 at 5–10. Apple further represented at the hearing that it has not identified any documents reflecting Apple's compliance with standards or certification requirements associated with WiFi handoff functionality. Dkt. No. 16.

## II. LEGAL STANDARD

The scope of discovery available by document subpoena under Rule 45 is the same as the scope of discovery available under Rule 34. *See* Fed. R. Civ. P. 45, advisory committee notes to 1970 amendment (noting that "the scope of discovery through a subpoena is the same as that applicable to Rule 34 and the other discovery rules"). A party may obtain discovery of any non-privileged matter that is relevant to a party's claim or defense in the action, so long as that discovery is also proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). However, Rule 45 also requires "[a] party or attorney responsible for issuing and serving a subpoena [to] take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena," and instructs that "the court for the district where compliance is required must quash or modify a subpoena that … subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A). Additionally, Rule 26 provides that the court must limit discovery that is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i).

### III. DISCUSSION

As discussed at the hearing, the Court is skeptical that Requests Nos. 1 and 2 encompass the documents and information KAIFI now moves to compel. However, even assuming they do, the Court is not persuaded that KAIFI is entitled to the production of source code and documents concerning Apple's compliance with standards and certification requirements.

With respect to Request No. 1, Apple has shown that production of the source code involved in switching between WiFi and cellular networks would impose a significant burden on Apple and would place at some risk source code that Apple considers highly confidential. Apple represents that it can provide the information KAIFI requires through alternative, less burdensome means in the form of a declaration. *See* Dkt. No. 14 at 8-9. As KAIFI has not demonstrated that the declaration Apple proposes will be insufficient for purposes of the underlying action, the Court will not order Apple to produce source code if it instead provides the promised declaration.

As for Request No. 2, KAIFI's motion does not explain why the documents it seeks are relevant or proportional to the needs of the case. Moreover, given Apple's willingness to provide a declaration describing its implementation of the Wi-Fi handoff, as discussed above, it is not clear why KAIFI additionally requires documents reflecting Apple's compliance with standards or T-Mobile's certification requirements.

For these reasons, the Court denies KAIFI's motion to compel.

**IT IS SO ORDERED.**

Dated: August 23, 2021

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge

3